UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-432-RJC
3:07-cr-108-RJC-3

| | |
|---|---|
| SANTE BECKHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, (Doc. No. 1), the Government's Motion to Dismiss, (Doc. No. 5), and a Sealed Motion to Withdraw as Attorney filed by the Federal Public Defender of Western North Carolina, (Doc. No. 8). See (Doc. No. 9) (Motion to Seal).

### I. BACKGROUND

Petitioner pled guilty to a single count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in the underlying criminal case. See (Case No. 3:07-cr-108, Doc. No. 95). The presentence investigation report ("PSR") scored Petitioner with an offense level of 37 as a career offender based on his prior North Carolina convictions for accessory after the fact to assault with a deadly weapon inflicting serious injury and possession with intent to sell or deliver cocaine. (Id., Doc. No. 82 at ¶ 27). After deducting three levels for acceptance of responsibility, the total offense level was 34. (Id., Doc. No. 82 at ¶¶ 27-29). Petitioner had a total of six criminal history points with a criminal history category of III, however, the criminal history category for

1

career offenders is VI. (Id., Doc. No. 82 at ¶¶ 41, 42). The resulting guideline range was 262 to 327 months' imprisonment. (Id., Doc. No. 82 at ¶ 65).

On July 26, 2008, the Court imposed a downward departure sentence of 139 months' imprisonment, followed by a ten years of supervised release. (Id., Doc. Nos. 95, 96). Petitioner did not appeal.

On June 7, 2012, the U.S. Probation Office filed a supplement to the PRS addressing the applicability of Amendment 750 to the U.S. Sentencing Guidelines addressing crack cocaine, which concluded that Petitioner's sentence was unaffected by the amendment. (Id., Doc. No. 120).

On June 8, 2015, the U.S. Probation Office filed a second supplement to the PSR, this time addressing the applicability of Guideline Amendment 782, and again concluded that Petitioner's sentence was unaffected by the amendment. (Id., Doc. No. 144); see (Id., Doc. No. 140) (defense counsel's notice of ineligibility regarding Amendment 782).

Petitioner filed the instant § 2255 motion to vacate through counsel on June 21, 2016. (Doc. No. 1). Petitioner argues that he is eligible for relief under Johnson because his prior North Carolina conviction for accessory after the fact to assault with a deadly weapon inflicting serious injury no longer qualifies as a career offender predicate pursuant to U.S. Sentencing Guidelines § 4B1.2.

The United States filed a motion seeking a stay of this action pending the United States Supreme Court's decision in Beckles v. United States, Supreme Court No. 15-8455, which was granted on September 22, 2016. (Doc. Nos. 3, 4). The Supreme Court decided Beckles on March 6, 2017, and held that the advisory Guidelines are not subject to vagueness challenges. Beckles v. United States, 137 S.Ct. 886 (2017). The Government filed a Motion to Dismiss on May 4, 2017, arguing that the relief Petitioner seeks is precluded by Beckles. (Doc. No. 5).

The Federal Public Defender filed a Motion to Withdraw as counsel from this case on May 10, 2017, and relief was denied without prejudice for counsel to support the motion with either his client's written consent or a showing of good cause. (Doc. Nos. 6, 7).

Counsel has now filed a Sealed Motion to Withdraw in which he explains his reason for seeking to withdraw under seal so that Petitioner may continue to pursue relief *pro se*, if he chooses to do so. (Doc. No. 8) (Sealed Motion to Withdraw); (Doc. No. 9) (Motion to Seal). The Federal Public Defender's motions to seal and to withdraw as counsel are granted.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner argues that he does not qualify for career offender sentencing because his prior North Carolina conviction for accessory after the fact to assault with a deadly weapon inflicting serious injury is not a predicate conviction in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding recognizes a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Johnson is inapplicable to Petitioner's guideline challenge because its void-for-vagueness holding has no effect on the advisory career offender guidelines. Petitioner's reliance on Johnson misplaced and § 2255 relief is foreclosed by Beckles.

### III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 motion to vacate, grants the Government's motion to dismiss, and grants the Federal Public Defender's motions to seal and too withdraw as counsel.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. Respondent's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

3. The Federal Defender's Motion to Withdraw as Attorney, (Doc. 8), and Motion to Seal, (Doc. No. 9), are **GRANTED**, and the Federal Public Defender of the

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

Western District of North Carolina is relieved from any further representation of Petitioner.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge